## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ALLEN LEYMAN et al., | |
| *Plaintiffs,* | CIVIL ACTION |
| v. | NO. 23-3458 |
| ECONOMY FIRE & CASUALTY COMPANY, | |
| *Defendant.* | |

**Pappert, J.**                                             **November 27, 2023**

### MEMORANDUM

Allen Leyman and Lyudmila Podyuchenko sued their insurer, Economy Fire & Casualty Company, asserting breach of contract and bad faith claims after the insurer's coverage denial for wind and storm damage to their home.  Economy Fire removed the case to federal court and moved to dismiss the bad faith claim.  Plaintiffs amended their pleading as of right and Economy Fire and Casualty moved to dismiss the Amended Complaint's bad faith claim.  Plaintiffs attempted to amend their complaint again without obtaining leave of court and the Court struck the proposed Second Amended Complaint for failure to comply with Federal Rule of Civil Procedure 15(a)(2).

In their response to Economy Fire's most recent motion, Plaintiffs request leave to amend again, relying on the allegations in the erstwhile Second Amended Complaint. For the reasons that follow, the Court grants the motion and dismisses the bad faith claim with prejudice.  Amendment would be futile given the proposed Second Amended Complaint's failure to remedy its predecessors' defects.

1

I

In November 2022, a storm and strong winds caused roof and interior water damage to Leyman and Podyuchenko's residence.  (Amd. Compl. ¶¶ 11-12, ECF 5).  A roofer inspected the damage and recommended the roof's replacement.  Leyman and Podyuchenko submitted a claim to Economy Fire, which the insurer denied. (*Id.* at ¶¶ 13-15, 17).

Leyman and Podyuchenko contend that Economy Fire "breached its contractual obligations to pay benefits to Plaintiffs for a loss covered under Defendant's policy of insurance."  (*Id.* at ¶ 27).  They also claim that Economy Fire acted in bad faith by unreasonably denying coverage (*Id.* at ¶ 17), and, among other things, (1) failing to conduct a proper investigation of the claimed loss (*Id.* at ¶ 18), (2) disregarding and misrepresenting pertinent facts surrounding the circumstances of the claimed loss (*Id.* at ¶¶ 19, 30), (3) treating Plaintiffs unreasonably and unfairly (*Id.* at ¶ 29), and (4) failing to promptly, fairly and equitably settle the claim (*Id.* at ¶ 30).  Leyman and Podyuchenko do not, however, support these conclusory allegations with any facts regarding Economy Fire's investigation, communications or settlement considerations.

II

To avoid dismissal under Federal Rule of Civil Procedure 12(b)(6), a complaint must "state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  A claim is facially plausible if the plaintiff pleads facts from which the Court can infer "that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  Though this "plausibility standard is not

akin to a 'probability requirement,'" it demands "more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556).

Assessing plausibility under *Twombly* and *Iqbal* is a three-step process. *See Connelly v. Lane Const. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016). Step one is to "take note of the elements the plaintiff must plead to state a claim." *Id.* (alterations omitted) (quoting *Iqbal*, 556 U.S. at 675). Next, the Court "should identify allegations that, 'because they are no more than conclusions, are not entitled to the assumption of truth.'" *Id.* (quoting *Iqbal*, 556 U.S. at 679). Finally, for all "well-pleaded factual allegations, the court should assume their veracity," draw all reasonable inferences from them "and then determine whether they plausibly give rise to an entitlement to relief." *Id.* (alterations omitted) (quoting *Iqbal*, 556 U.S. at 679). If the well-pleaded facts do not nudge the "claims across the line from conceivable to plausible," the Court must dismiss the complaint. *Twombly*, 550 U.S. at 570.

III

A

Pennsylvania's bad faith statute provides that the court may award interest, punitive damages, and attorney's fees if it "finds that the insurer has acted in bad faith toward the insured[.]" 42 Pa. Cons. Stat. § 8371. Courts have defined "bad faith" as "any frivolous or unfounded refusal to pay proceeds of a policy." *Keefe v. Prudential Prop. & Cas. Ins. Co.*, 203 F.3d 218, 225 (3d Cir. 2000) (citation omitted). To recover on a bad faith claim, a claimant is required to show by clear and convincing evidence that: (1) the defendant insurer did not have a reasonable basis for denying the policy benefits; and (2) that the insurer knew or recklessly disregarded its lack of reasonable

basis when it denied the claim. *Rancosky v. Wash. Nat'l Ins. Co.*, 170 A.3d 364, 377 (Pa. 2017); *Post v. St. Paul Travelers Ins. Co.*, 691 F.3d 500, 522 (3d Cir. 2012) (citation omitted).

Various actions by an insurer can rise to the level of bad faith, such as "lack of investigation into the facts[ ] or a failure to communicate with the insured." *Hamm v. Allstate Prop. & Cas. Ins. Co.*, 908 F. Supp. 2d 656, 668-69 (W.D. Pa. 2012); *Corch Constr. Co. v. Assurance Co. of Am.*, 64 Pa. D. & C.4th 496, 2003 WL 23473924 (Pa. Commw. Ct. 2003) (Bad faith may occur "when an insurance company makes an inadequate investigation or fails to perform adequate legal research concerning a coverage issue."); *see also Frog, Switch & Mfg. Co., Inc. v. Travelers Ins. Co.*, 193 F.3d 742, 751 n.9 (3d Cir. 1999). However, "mere negligence or bad judgment does not constitute bad faith; knowledge or reckless disregard of a lack of a basis for denial of coverage is necessary." *Post v. St. Paul Travelers Ins. Co.*, 691 F.3d 500, 523 (3d Cir. 2012) (citing *Frog, Switch & Mfg.*, 193 F.3d. at 751 n.9).

Courts in this Circuit have routinely dismissed bad faith claims reciting only "bare-bones" conclusory allegations that are not accompanied by factual allegations sufficient to raise the claims to a level of plausibility required to survive a Rule 12(b)(6) motion to dismiss. *See, e.g., Smith v. State Farm Mut. Auto. Ins. Co.*, 506 F. App'x 133, 136 (3d Cir. 2012); *Camp v. N.J. Mfrs. Ins. Co.*, 2016 WL 3181743, at *5-6 (E.D. Pa. June 8, 2016); *Pasqualino v. State Farm Mut. Auto. Ins. Co.*, 2015 WL 3444288 (E.D. Pa. May 28, 2015).

B

Leyman and Podyuchenko's allegations are insufficient to state a claim for bad faith.  The Court assumes the truth of Leyman and Podyuchenko's factual allegations—that there was storm and winds causing roof and water damage, for which they submitted an insurance coverage claim that was denied.  *See* (Amd. Compl. ¶¶ 11-15).  But while they contend they are entitled to benefits which Economy Fire has failed to pay, they offer only conclusory, unsupported assertions about Economy Fire's conduct.

Absent additional facts regarding Leyman and Podyuchenko's insurance claim and the accompanying investigation, communication, and denial of coverage, the Court is unable to infer bad faith on Economy Fire's part.  *See Mattia v. Allstate Ins. Co.*, 2014 WL 2880302, at *4 (E.D. Pa. June 24, 2014) (Plaintiffs must "describe who, what, where, when, and how the alleged bad faith conduct occurred." (citation omitted)).

Leyman and Podyuchenko's Response to Economy Fire's Motion also seeks leave to file their previously stricken Second Amended Complaint.  (pp. 17-18, ECF 11).  Courts may deny requests to amend a complaint when amendment would be "futile."  *Lake v. Arnold*, 232 F.3d 360, 373 (3d Cir. 2000).  Amendment is futile if "the complaint, as amended, would fail to state a claim upon which relief could be granted."  *Travelers Indem. Co. v. Dammann & Co.*, 594 F.3d 238, 243 (3d Cir. 2010) (internal quotation marks omitted).

The proposed Second Amended Complaint is identical to the First Amended Complaint except for an additional paragraph about—and an attached exhibit including—a report by the public adjuster who inspected the damage to Leyman and Podyuchenko's residence.  (ECF 9; ECF 9-1; ECF 9-2).  But the public adjuster merely

5

mimics the allegations in the First Amended Complaint, detailing the roof and interior water damage and summarily stating Economy Fire's decision to deny coverage "was based upon an inadequate investigation, speculative evidence, [] demonstrated a bias" and "lacked a reasonable foundation."  (pp. 2-4, ECF 9-2).  These assertions, to the extent Plaintiffs seek now to adopt them, are no less conclusory than the ones that previously failed to make the cut.

      An appropriate Order follows.

BY THE COURT:

***/s/ Gerald J. Pappert***

GERALD J. PAPPERT, J.